IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-hc-02180-BO

SYLVESTER DANIELS, )
)
Petitioner, )
)
v. ) **ORDER**
)
)
ERIK HOOKS, )
)
Respondent. )

On June 20, 2019, Sylvester Daniels ("petitioner"), a state inmate, filed pro se a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]. The court now conducts its preliminary review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the following reasons, dismisses the petition as untimely.

Discussion:

Petitioner presently is serving a sentence pursuant to his April 10, 2006, conviction for Statutory Rape in Pitt County Superior Court. See N.C. Dep't Pub. Safety, Offender Pub. Info. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0098412&searc hOffenderId=0098412&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited Nov. 21, 2019). Petitioner pleaded guilty and did not directly appeal. See Pet. [D.E. 1] at 2–3. On February 18, 2019, petitioner filed a motion for appropriate relief ("MAR") in Pitt County Superior Court. Id. at 3. This MAR was summarily denied on March 12, 2019. Id. On May 8, 2019, petitioner filed in the North Carolina Court of Appeals a petition for a Writ of Certiorari. Id. at 4. The petition was denied on May 10, 2019. Id. Petitioner then filed the instant habeas petition.

Petitioner was convicted under North Carolina General Statute § 14-27.7A.[1] Id. at 1. Petitioner argues that this statute unconstitutionally 1) punishes older adults more severely than younger adults, and 2) permits only some adults to engage in sexual conduct with minors. Id. at 5–8. Petitioner further contends that, pursuant to Class v. United States, 138 S. Ct. 798 (2018) ("Class"), he now may challenge the constitutionality of this statute despite his guilty plea. Id. at 15.

The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires an individual in custody pursuant to the judgment of a state court to file any application for a writ of habeas corpus within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] On both the date of petitioner's conviction and the date of his offense, this historical statute provided:

(a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

(b) A defendant is guilty of a Class C felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is more than four but less than six years older than the person, except when the defendant is lawfully married to the person.

N.C. Gen. Stat. § 14-27.7A (2005).

On the offense date, Oct. 23, 2005, petitioner was 40 years old. See N.C. Dep't Pub. Safety, Offender Pub. Info. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0098412&searchOffenderId=0098412&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited Nov. 21, 2019).

On December 1, 2015, the statute was amended and re-codified. These amendments, however, do not render petitioner's offense conduct non-criminal. See N.C. Gen. Stat. § 14-27.25 (2015).

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because petitioner did not directly appeal to the North Carolina Court of Appeals, his conviction became final on or about April 24, 2006, when the fourteen-day time period to serve notice of appeal expired. See 28 U.S.C. § 2244(d)(1)(A); N.C.R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."). AEDPA's one-year limitation period then ran uninterrupted for 365 days until it expired on or about April 24, 2007. Petitioner's state post-conviction filings more than a decade later did not reopen his time for filing a federal habeas petition. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Although petitioner contends that, pursuant to the Supreme Court's decision in Class, his petition is timely under § 2244(d)(1)(C), this claim also fails. The one-year limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final

3

disposition in the highest state court. See Taylor, 186 F.3d at 560–61. Once the state's highest court orders a final disposition in the state postconviction proceedings, the prior limitations period resumes. See, e.g., Holland v. Florida, 560 U.S. 631, 635–36, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327–28 (4th Cir. 2000).

Class was decided on February 21, 2018. See Class 138 S. Ct. at 798. Petitioner's February 18, 2019, MAR tolled the one-year limitation period as to Class that otherwise would have expired on or about February 21, 2019. See Taylor, 186 F.3d at 560–61. However, when the petition for certiorari was denied on May 10, 2019, the one-year limitation period as to Class resumed and ran uninterrupted until it expired on or about May 13, 2019. See Holland, 560 U.S. at 635–36, 638; Hernandez, 225 F.3d at 438; Harris, 209 F.3d at 327–28. Petitioner did not sign the instant habeas petition until June 17, 2019. See Pet. [D.E. 1] at 16. Thus, the instant habeas petition remains untimely under § 2244(d)(1)(C) because, even after tolling for petitioner's state post-conviction proceedings, it was filed after the expiration of AEDPA's one-year limitation period as to Class.

Petitioner also does not allege, nor does the record reflect, that the other provisions of section 2244(d)(1) apply. Thus, absent a finding of equitable tolling, the instant petition plainly is untimely.

AEDPA's one-year limitation period is subject to equitable tolling, but only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation omitted). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quotation omitted).

4

Here, petitioner has not plausibly alleged that he has been diligently pursuing his rights or that extraordinary circumstance prevented him from timely filing his federal habeas petition. Cf. Holland, 560 U.S. at 649. To the extent petitioner asserts unfamiliarity with the law or lack of legal representation, these are not sufficient grounds for a finding of equitable tolling. See United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases). Thus, because equitable tolling does not apply, the instant petition remains untimely.

After reviewing the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

In sum, the court: DISMISSES the petition as untimely under 28 U.S.C. § 2244(d)(1); DENIES AS MOOT the motion to proceed in forma pauperis [D.E. 2]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This 21 day of November 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge

5